Warren Eugene HICKS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14117.

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1967.

Rehearing Denied Nov. 11, 1967.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error Warren Eugene Hicks, hereinafter referred to as the defendant, was tried in the District Court of Oklahoma County for the crime of Robbery with Firearms, found guilty by a jury, and his punishment assessed at five years in the penitentiary. Defendant filed for a suspended sentence, and several hearings were held before the district judge, who subsequently overruled the motion. Defendant has appealed to this Court by transcript, containing only the evidence presented at the hearing for a suspended sentence, and alleging that the trial court erred in overruling said suspended sentence.

Title 22, Okl.St.Ann. § 991, (1965) provides:

"Whenever any person shall be convicted in any court of record for any crime other than murder, the Judge trying said cause may, after sentence, suspend said judgment and sentence * * * Provided, that no such person shall be so released who has not, prior thereto, borne a good reputation or who may have been, prior thereto, convicted of a felony in any state or territory of the United States."

It is alleged by the defendant that the trial judge ruled that the defendant was not eligible for a suspended sentence as a matter of law, and not in exercise of its judicial discretion. Defendant further alleges that the misdemeanor conviction in Cleveland County reflects on defendant's character and not his reputation, and since § 991, supra, makes good "reputation" rather than good "character" a qualification, defendant contends that he had good character and was eligible for a suspended sentence.

■ This Court does not agree. Upon a reading of the transcript, we find that the trial judge ruled on the misdemeanor conviction—not as a conviction—but stated:

"Not because it's a misdemeanor, you understand. And that's in the record, is it not? A crime of this nature would go to affect his moral character."

There was no objection to the trial court's ruling at that time because of the choice of words, and the judge was very careful to inquire if the ruling was understood. This would not have a material bearing on the issue as raised in this Court, as "good character" would certainly have a bearing on whether the defendant had borne a good "reputation".

And further, at page 70 of the casemade, the judge stated that the conviction of a misdemeanor in Cleveland County would go to moral turpitude. So, it is evident, she was not ruling that the misdemeanor conviction was a bar to a suspended sentence, but went to the evidence to determine whether defendant should be granted a suspended sentence. It was further brought out that the boy was charged with Grand Larceny in Cleveland County, but it was reduced to Molesting a Standing Vehicle; wherein defendant plead guilty, and received a six months suspended sentence.

■■ In this Court's opinion, the trial judge did not make her ruling arbitrarily, nor as a *matter of law* in denying the suspended sentence, but because of the lengthy juvenile record testified to, and the misdemeanor conviction in Cleveland County,

did not feel this fell within the scope of "bearing a good reputation". This is a discretionary ruling, and as this Court held in LaRue v. State, Okl.Cr., 404 P.2d 73:

"We have repeatedly held that the Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for suspended sentence in absence of an abuse of discretion. Lavender v. McLeod, Okl.Cr., 325 P.2d 1080."

This Court feels that the record is clear that the trial judge did not abuse her discretion, and therefore, the judgment and sentence is hereby affirmed.

BUSSEY and BRETT, JJ., concur.