**Darriell DeWayne RAMSEY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15632.**

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

As Corrected Aug. 10, 1970.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Darriell DeWayne Ramsey, hereinafter referred to as defendant, was charged by Information in the District Court of Tulsa County, Case No. CRF 69–882, with the offense of Robbery with Firearms of one Terry Bruner on the 10th day of June, 1969. The defendant, while represented by counsel, and being thoroughly advised of his constitutional rights, entered a plea of guilty for the reason that he was guilty of the offense charged. Although the defendant had cooperated with the authorities in securing the convictions of a co-defendant [1], it does not appear that his plea of guilty resulted from any promise or benefit offered him by the authorities.

Prior to the rendition of judgments and sentences, testimony was offered in support of his application for suspended sentences, and at the conclusion of said testimony the trial judge made the following statements, at page 56 of the Transcript:

"THE COURT: Very well. The Motion for New Trial is denied for these reasons. Number one, the crime of Robbery with Firearms, is by statute one of the three or four more severe crimes in the State of Oklahoma, as far as punish-

---

1. The co-defendant, Cox, received 20 years in each of the judgments and sentences rendered against him by the District Court of Tulsa County.

ment is concerned. You are aware of that. The court is well aware of the circumstances of Mr. Ramsey's being here. The court is aware that he participated and helped in the prosecution of his co-defendant, but that one fact is not enough. The thing is, that the crime had been committed and the law says that the defendant shall be punished; and for the crime of Armed Robbery, particularly when it comes to the court's attention that not only the two cases that are filed, but some four other cases of Armed Robbery, does not leave the court much choice. If it were a single crime for this defendant and with the facts that we had in this case, the court would have seriously considered probation. That is not saying that he would have granted probation, and the responsibility of sitting here in judgment is both to the defendant and to the public, and I cannot justify putting this man on the street through probation. I think—we will not get into odds or anything else, but I do not feel that he is a proper subject for probation. It is hard, and it is a hard line I am taking. I know that, but under the circumstances and the convictions that I have, I feel that I can do nothing else. I do not know whether the penitentiary will help this man or not. All I know is that the law prescribes that punishment. Of course, it gives certain alternatives to the court, but the court defines those other alternatives, and directs that this man be confined in the State Penitentiary on the sentence that was previously imposed, so your Motion for New Trial is overruled."

■ The defendant now contends that the trial court abused his discretion in refusing to grant a suspended sentence. It is well settled that the Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for suspended sentence in absence of an abuse of discretion. See LaRue v. State, Okl.Cr., 404 P.2d 73; Hicks v. State, Okl.Cr., 432 P.2d 949; and Giddens v. State, Okl.Cr., 452 P.2d 159. From our examination of the record it is readily ap-

parent that the defendant entered pleas of guilty to these charges while represented by competent counsel, with full knowledge of the nature and consequences of the punishment which could be imposed therefor.

■ Moreover, although the defendant entered pleas of guilty in the instant case (CRF 69–882), and in District Court Case No. CRF 69–913, it is abundantly clear that he participated in a number of other armed robberies. Under such circumstances we believe that the stated reasons of Judge Green, in refusing to grant a suspended sentence in the instant case and in District Court Case No. CRF 69–913, are amply supported by reason and logic, for this Court and many other courts throughout the nation have long realized the serious nature of the crime of Robbery with Firearms, which may be punished by maximum imprisonment of life, or death in the electric chair.

In the instant case the judge was indeed lenient in assessing the punishment of five years imprisonment in the instant case to run concurrent with the five years imprisonment assessed in District Court Case No. CRF 69–913, and we do not feel that his refusal to grant suspended sentences in both cases constituted an abuse of discretion requiring reversal of the judgments and sentences, or the issuance of a directive that he reconsider the application of the defendant for suspended sentences.

For the same reasons, we are of the opinion that the defendant's request that this Court issue an order suspending the judgments and sentences in the instant case and in District Court Case No. CRF 69–913, should be, and the same is hereby denied.

The judgment and sentence appealed from is affirmed.

NIX, J., concurs.

BRETT, Presiding Judge (specially concurring).

It appears from the sentence imposed on this defendant that the trial judge clearly

did not abuse his discretion. The judge considered the circumstances surrounding defendant's situation and obviously weighed his decision, as reflected by the minimum sentence imposed for the serious crime committed. Abuse of discretion has been said to result when the judge failed to consider the circumstances and acted arbitrarily. It is obvious from this record that such was not true in defendant's case, because Judge Green considered not only the defendant's situation and what he had done to "cooperate" with the authorities, but he also considered the situation of society and possible rehabilitation for the defendant. I concur with Judge Bussey's opinion.