Horace Dean HAMILTON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–15473, A–15474.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Rehearing Denied March 8, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Marvin Spears, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Horace Dean Hamilton, hereinafter referred to as defendant, entered pleas of guilty in the District Court of Oklahoma County to the charge of First Degree Burglary, Case No. CRF–69–551 (Appeal No. A–15,473), and Shooting With Intent to Kill, CRF–69–552 (Appeal No. A–15,575). The District Court denied defendant's application for suspended sentences after hearing several witnesses, and on June 27, 1969, ordered defendant to serve Seven (7) years on the burglary charge; and Five (5) years on the shooting with intent to kill, to be served concurrently with the burglary term. The appeal from both convictions, consolidated for disposition, questions the district court's refusal to suspend execution of the sentences.

Briefly, the facts of the two crimes, which arise out of the same incident, indicated that on about March 13, 1969, defendant entered the house of Gwen Bagley, with whom defendant had previously lived for a year and a half, and upon finding a man in bed with her, shot and wounded the man. Defendant did not deny his guilt, but offered considerable evidence supporting a suspended sentence.

The pre-sentencing report was favorable and concluded defendant could adhere to probation conditions. Defendant, age 33, is remarried to his former wife and the father of two minor children. The evidence shows defendant holds a responsible job requiring a high degree of skill and is respected by his fellow workers. Defendant's employer for the past 15 years has a high regard for defendant, and is willing to serve as defendant's work supervisor if probation is allowed. The complaining witnesses, both now residing in Texas, did not desire to prosecute defendant and recommended a suspended sentence. Defendant had no prior conviction.

Title 22, O.S.Supp.1969, § 991a, applicable at the time of defendant's sentencing, provides:

"Whenever a person is convicted of any crime, except when the death sentence is imposed, the court may: (1) Suspend the imposition or execution of sentence with or without probation, or (2) Place such convicted person on probation, or (3) Impose a fine as provided by law for the offense, with or without probation or commitment, or (4) Commit such person for confinement as provided for by law.

Subsections (1), (2), and (3) hereof shall not apply upon the third or subsequent conviction of a felony."

Defendant argues that with the passage of this statute in 1968, the Legislature sought to relax judicial strictness in granting suspended sentences excluding its use only in

the event of a death penalty or after a third felony conviction. It is defendant's position that the district court abused its discretion in denying suspension of the sentence.

In Ramsey v. State, Okl.Cr., 473 P.2d 305 (1970), this Court held:

"It is well settled that the Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for suspended sentence in absence of an abuse of discretion."

Although the evidence before the trial court amply supports suspending the sentence, we decline to rule the trial court abused its discretion. We think it a sound policy under appropriate circumstances to place a first offender on probation where he can be supervised while employed and supporting his family if there is no compelling need to remove defendant from the community. The American Bar Association Project on Standards for Criminal Justice states:

"* * * [P]robation should be the sentence unless the sentencing court finds that:

(i) confinement is necessary to protect the public from further criminal activity by the offender; or

(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or

(iii) it would unduly depreciate the seriousness of the offense if a sentence of probation were imposed."[1]

Nevertheless, suspending execution of the sentence and placing defendant on probation is addressed to the trial court. 22 O.S.Supp. 1970, § 991a.

Defendant has been at liberty on bond pending appellate determination. Perhaps his conduct during that time would be persuasive to the trial court upon application

for suspended sentence after appeal authorized by 22 O.S.Supp.1970, § 994.

The judgment and sentence is affirmed.

BUSSEY, P. J., and BRETT, J., concur.

---

1. Standards Relating to Probation, Section 1.3(a).