**Fred PETERSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16316.**

Court of Criminal Appeals of Oklahoma.

April 21, 1971.

Don Anderson, Public Defender for plaintiff in error.

Atty. Gen. for defendant in error.

BUSSEY, Presiding Judge:

Fred Peterson, hereinafter referred to as "defendant," entered a plea of guilty in the District Court of Oklahoma County to the offense of Unauthorized Use Of A Motor Vehicle and received a five (5) year suspended sentence on July 20, 1966. The said suspended sentence was ordered revoked on July 15, 1969, and from said order of revocation an application for post conviction relief has been perfected to this Court.

At the hearing on application to revoke it appeared that defendant had upon suspension of the sentence gone to New Jersey, as the judgment and sentence permitted. From there he made six monthly reports as required by the judgment and sentence on dates as follows: August; October 1 and 31; December 26, 1966; April 21, 1967; and April 15, 1969 (Tr. 5). Between May, 1967, and May, 1968, defendant was incarcerated in a New Jersey institution as a juvenile for probation violation there. Defendant testified that during that period the New Jersey authorities did not give him permission to report by writing to the Oklahoma authorities. He did not report from May, 1968, until April, 1969. The April, 1969, report by defendant to the Oklahoma authorities was in response to a request from the Oklahoma Department of Corrections for a "personal history." This request was mailed to defendant's mother in New Jersey. Defendant in the meanwhile had gone to Florida and his mother forwarded the request to him. Defendant filled out the form and returned it to the Oklahoma authorities the following day. In this report defendant stated that he "occasionally smokes pot." At the hearing defendant testified that this was only one occasion in New York and another occasion in Florida. Defendant was apprehended by the police of Miami, Florida, suspected of using marihuana and brought from there to Oklahoma.

The Judgment and Sentence reflects that the terms of the suspended sentence specified by the Court provided that the defendant shall not violate any law; that he should refrain from habitually associating with lewd or vicious persons; that he should not indulge in vicious habits and that he shall be requested to report to the Judge as provided by law. We are of the

opinion that the defendant's admitted use of marihuana and protracted failure to report afforded ample basis for revoking the suspension of sentence and meets the requirements of In Re Collyar, Okl.Cr., 476 P.2d 354.

The order revoking the suspension of Judgment and Sentence appealed from is Affirmed.

NIX and BRETT, JJ., concur.