Robert Wesley MOLER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16414.

Court of Criminal Appeals of Oklahoma.

March 1, 1972.

Gary M. Jay, Tulsa, for plaintiff in er-
ror.

Larry Derryberry, Atty. Gen., Fred H.
Anderson, Asst. Atty. Gen., James E. Bris-
coe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Robert Wesley Moler, hereinafter re-
ferred to as defendant, entered a plea of
guilty in the District Court of Tulsa Coun-
ty, Oklahoma, to the offense of Actual
Physical Control of a Motor Vehicle, Sub-
sequent Offense; his punishment was
fixed at two (2) years imprisonment and
from said judgment and sentence a Writ
of Certiorari has been perfected to this
Court.

The Record reflects that the defendant,
with counsel, entered a plea of guilty on
November 18, 1970; judgment and sen-
tence was deferred by the court until De-
cember 21, 1970, for the purpose of secur-
ing a pre-sentence investigation report as
requested by the defendant. Upon receipt
of the pre-sentence investigation report,
the judgment and sentence was passed un-
til March 3, 1971, with the provision that
the petitioner should be under the supervi-
sion of the Department of Corrections. On
January 18, 1971, upon a motion by the
District Attorney to accelerate sentencing,
the case was set down for hearing for that
purpose on January 22, 1971. At the hear-
ing, it was stipulated by the parties that
the defendant enter a plea of guilty to the
offense of Public Drunk in the Municipal
Court of the City of Tulsa, on January 11,
1971. Defendant and his wife both testi-
fied that the defendant had a long history
of troubles concerning his use of alcohol.
He had joined Alcoholics Anonymous and
both he and his wife were seeking psychi-
atric counseling.

■ Defendant's first proposition as-
serts that there is no evidence in the

Record that the defendant was furnished with a written list of conditions of probation. Defendant argues that the deferred judgment procedure set forth in 22 O.S. § 991c, requires that the court set the conditions of probation. We need only to observe that Section 991c had no application to the case at bar. Section 991c provides in part:

"Upon a verdict or plea of guilty, *but before a judgment of guilt, the court may, without entering a judgment of guilt* and with the consent of the defendant, defer further proceedings and place the defendant on probation under the supervision of the State Department of Corrections upon the conditions of probation prescribed by the court . . ."
(Emphasis added)

In the instant case, the trial court accepted the defendant's plea of guilty and upon defendant's request ordered a pre-sentence investigation made. The Record reflects as follows:

"Q. Very well, the Court will accept the guilty plea of Robert Wesley Moler to the felony offense of actual physical control of a motor vehicle while intoxicated, after a prior conviction,—two prior convictions for that offense, and find him guilty of that offense.

"MR. JAY: May it please the Court, we would request that a presentence investigation be made.

"THE COURT: Very well, the Court will defer sentencing in the case until December 12, 1970, at 9:30, and submit this defendant for a presentence investigation report." (Tr. 7)

We thus conclude that the defendant was not granted a deferred judgment pursuant to Section 991c. We further observe that the defendant was orally admonished by the trial court to refrain from using alcoholic beverages pending the pronouncement of judgment and sentence. The Record reflects that the defendant was asked the following questions on direct examination:

"Q. Mr. Moler, you will recall also that His Honor directed you to abstain from any kind of alcoholic beverages. Mr. Moler, with the exception of the one occurrence which has been referred to today, have you consumed at any other time on any other occasion, any alcoholic beverage?

"A. No, sir." (Tr. 13)

We, therefore, find this proposition to be without merit.

■ The second proposition contends that the trial court abused its discretion in accelerating sentencing. Although this proposition is improperly before this Court in that the defendant did not cite authorities to support the proposition, we are of the opinion that the trial court did not abuse its discretion in accelerating defendant's sentence because of the subsequent conviction for being drunk in a public place.

The third proposition asserts that the sentence is excessive. Suffice it to say that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

The final proposition is that the sentence should be suspended. Defendant argues under this proposition that the defendant has remained at liberty on bail approximately one year pending appeal. During that period of time he has been steadily employed, has provided support for his family and his aged mother, has increased his work in Alcoholics Anonymous, and has progressed to the point where he is now called upon to help others combat alcoholism, has reported regularly to the probation officer, and has had no further violations of the law.

In Ramsey v. State, Okl.Cr., 473 P.2d 305 (1970), we stated:

"It is well settled that the Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for suspended sentence in absence of an abuse of discretion."

■ Although we decline to rule that the trial court abused its discretion in

refusing to suspend the sentence, we observe that perhaps the defendant's conduct during the period of time he has been on bail pending appeal would be persuasive to the trial court upon application for suspended sentence after appeal authorized by 22 O.S.Supp.1970, § 994. The judgment and sentence is affirmed.

BRETT and SIMS, JJ., concur.