**Frank W. BUSH, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17648.**

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1973.

Lewis E. Darrell, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank W. Bush, Jr. hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Logan County, Case No. CRM-72-28, for the offense of Driving While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days in the County Jail and a fine of One Hundred Dollars ($100.00), and from said judgment and sentence, an appeal has been perfected to this Court.

At the trial, Trooper Gary Adams testified that on the evening of February 5, 1972, he observed a 1965 Oldsmobile moving at a "rather fast rate" and crossing left of center in a marked zone on Highway 77 approximately a mile and three-quarters south of Guthrie. The officer's radar set reflected that the defendant was driving 64 miles per hour in a posted 55 miles per hour zone. The officer took pursuit and followed the vehicle as it proceeded on to Interstate Highway 35. Prior to stopping the vehicle, the officer observed the vehicle weaving on the highway. The officer stopped the vehicle and observed that the defendant was the driver. He testified that in his opinion the defendant was under the influence of intoxicating liquor. The defendant was taken to the sheriff's office and consented to a breathalyzer test which resulted in a reading of .195 percent.

The defendant testified that he brought two friends to Guthrie with him to visit the mother of one of the friends. They stayed approximately three hours and were returning to Oklahoma City when they were stopped by the trooper. He testified that he was not intoxicated and that his ability to operate a motor vehicle was not impaired.

On cross-examination, the defendant admitted consuming four or five mixed drinks.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the trial court abused its discretion in refusing to grant the defendant a suspended sentence. We need only observe that there is nothing in the records before this Court to reflect that the trial court did in fact abuse its discretion in refusing defendant's application for a suspended sentence. In Hicks v. State, Okl.Cr., 432 P.2d 949, we stated in the second and third paragraphs of the Syllabus:

"Court of Criminal Appeals will not interfere with the discretion of the trial court in granting or refusing an application for suspended sentence in absence of an abuse of discretion.

"In the instant cause, the record does not reflect an abuse of discretion, nor any error of law in the ruling of the trial judge."

The judgment and sentence is, accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.