Jack Eldon FARMER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–256.

Court of Criminal Appeals of Oklahoma.

Jan. 10, 1975.

Charles W. Stubbs, Stubbs & Stiner, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., David K. McCurdy, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jack Eldon Farmer, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–73–532, with Feloniously Obtaining Merchandise by Means and Use of a False and Bogus Check, in violation of 21 O.S. § 1541.2. On June 14, 1973, defendant pleaded guilty and made restitution at the time. His punishment was fixed at two (2) years' imprisonment and same being suspended.

On August 8, 1973, the District Attorney of Oklahoma County filed an application to revoke the suspended sentence alleging the defendant did not comply with the terms of his suspended sentence in that: (1) defendant failed to report to his probation officer; (2) failed to pay probation fee; and (3) failed to report change of address to probation officer. This application was heard on the 18th day of October, 1973, before Judge Clarence Mills, then District Judge, who ordered the suspended sentence revoked.

Defendant thereupon reported to the Oklahoma State penitentiary and is currently on parole from said sentence. From an order headed Revocation of Suspended Sentence on Plea of Guilty, a timely appeal has been perfected to this Court.

Coyte E. Sharpe testified that he was a State Probation and Parole Officer assigned to District Office 1, Oklahoma City, Oklahoma. He stated that as a part of his duties on July 9, 1973, he was assigned to the case of Jack Eldon Farmer. He further testified that Mr. Farmer was supposed to report to him once each month. He stated that at no time did the defendant ever report. He stated that he attempted to locate the defendant at the address which had been given him as being the defendant's address but that he was unable to find the defendant at that address or at any other address. He further testified the defendant's wife came to his office and furnished him with an address of the defendant's mother and that thereafter he wrote the defendant's mother a letter asking her for assistance in locating the defendant and also asking her to have the defendant report to him. He stated the defendant was ordered to pay a five dollar a month probation fee beginning the first of July and that the defendant failed to ever pay any of the monthly fees as of this date. He further stated that at that time the defendant had paid $20.00 of the court costs which had been previously assessed at $27.00, and further that the court costs should have been paid prior to July 15, 1973.

The defendant then testified in his own behalf. He stated he was the same Jack Eldon Farmer who was involved in the felony wherein he pleaded guilty on June 14, 1973. He stated that at that time he lived at 8509 Candlewood Drive, apartment 215 and that he lived at that address for three months. He further testified that at no time did he receive any letters or requests from Mr. Sharpe to report to him. He stated that after he moved from the Candlewood address he lived with his moth-

er for awhile at 500 East Lockheed, Midwest City. He testified he did not report to Mr. Sharpe because he was having trouble with his wife and was just mixed up. He testified that he did pay his probation fee at the court and was told that the $20.00 would go toward the probation fee. He stated that he received a receipt and that the receipt was the same one which was admitted as Exhibit No. 1. He lastly testified that he did not willfully or deliberately violate his probation, but that if he did violate his probation it was because he was having so much trouble.

■ The defendant's first proposition asserts there was no evidence to form a basis for the judgment, sentence and revocation. The defendant asks the Court to consider the evidence in light of the rules and views expressed in In re Collyar, Okl. Cr., 476 P.2d 354 (1970). We feel the record clearly shows the trial court adequately adhered to the rules of law expressed in *Collyar,* supra, wherein competent evidence was presented to the court at a hearing held for a determination of an application for revocation of the defendant's suspended sentence, whereupon the trial court properly revoked the defendant's suspended sentence. Further, we feel the record clearly illustrates such competent evidence wherein Sharpe testified that:

"BY MR. DENNIS:

\*　\*　\*　\*　\*　\*

"Q. All right. And, did he ever report to you?

"A. No, sir.

"Q. Now, at the same time was he ordered to pay a five dollar a month probation fee?

"A. Yes, sir.

"Q. To begin what time?

"A. Beginning the 1st of July.

"Q. And, did he ever pay any of those five dollar a month—

"A. None as of this date.

"MR. STUBBS: Beg your pardon?

"WITNESS: None as of this date.

"MR. STUBBS: This date here.

"WITNESS: Yes, sir. As of October the 8th.

"MR. STUBBS: October the 8th, you say?

"WITNESS: Yes, sir. '73.

"Q. (By Mr. Dennis) Now, do you know whether or not he has paid the court costs as instructed by the Court?

"A. As of today he has paid $20.00 of this court cost which is $27.00. He owes $7.00. The court costs should have been paid prior to July the 15th, 1973."

(Tr. 5 and 6)

We further hold the revocation hearing complied with the language in 22 O.S. Supp.1973, § 991b, and it states:

"Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose. The court may revoke a portion of the sentence and leave the remaining part not revoked, but suspended for the remainder of the term of the sentence, and under the provisions applying to it. The person whose suspended sentence is being considered for revocation at said hearing shall have the right to be represented by counsel, to present evidence in his own behalf and to be confronted by the witnesses against him. Any order of the court revoking such suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases. Provided however that if the crime for which the suspended sentence is given was a felony, or if the reason for revocation be that the defendant committed a felony, he shall not be allowed bail pending appeal."

Thus for the above stated reasons, we find the defendant's first proposition to be without merit.

■ The defendant's last proposition of error asserts that there was an irregularity in the trial proceedings and that the same denied the defendant his rights to a fair and impartial judicial proceeding. This Court has previously held in In re Collyar, supra, that a person whose suspended sentence is being revoked is not entitled to receive the full scope of constitutional due process at the revocation hearing, but should receive at least fundamental considerations of fairness. In the case at bar, we find the record clearly reflects fundamental considerations of fairness were given to the defendant at the revocation hearing and thus we find the defendant's last proposition of error to be without merit.

For the above stated reasons, the order of revocation of suspended sentence appealed from is, accordingly, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents. .

BRETT, Judge (dissenting).

I dissent to this decision because I believe it is fundamentally unfair to revoke defendant's suspended sentence as was done in this case. This defendant had committed restitution; he made the back payments on the probation fee, the constitutionality of which I question when it is properly shown that the person is financially unable to pay the five dollar fee; and he had paid the court costs when this matter was heard. I also believe the probation officer in this case may not have properly performed his own duties toward the probationer. I believe the probation officer has some duty to find out why the reports were not being made. In this case such does not appear from the record. Therefore, I believe the suspended sentence was revoked on insufficient showing of competent evidence, as required by statute.