Charles M. BABB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O-74-812.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1975.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Charles M. Babb, hereinafter referred to as defendant, entered a plea of guilty to the charge of Forgery Second Degree on August 24, 1973, in the District Court, Oklahoma County, Oklahoma. His punishment was fixed at a term of three (3) years' imprisonment, same being suspended upon defendant obeying the rules and conditions of probation as set forth by the sentencing court. Thereafter, an application to revoke defendant's suspended sentence was filed by the State alleging the defendant had violated the condition of his probation in that he had failed to report to his probation officer; had left the State of Oklahoma without permission and had failed to pay the court costs and make restitution. After a hearing the defendant's suspended sentence was revoked. From said Order of Revocation the defendant has perfected a timely appeal to this Court.

The defendant alleges for reversal that the trial court abused its discretion in not allowing him to remain on probation.

Briefly stated, the State presented evidence through James Wayne Long, probation officer for the defendant, that the defendant had not reported to him or his office since August 24, 1973, that being the day the defendant was sentenced; that the defendant had not reported his address to him or to his office; that the defendant left the State of Oklahoma without his

permission and he later learned the defendant was incarcerated in the State of Texas for the crime of forgery but the charge was dismissed.

The defendant took the stand in his own behalf and testified that he did not report to the probation office; that he left the State of Oklahoma and went to the State of Louisiana after leaving the probation office the day he was sentenced; that he went to Louisiana in order to obtain the money to pay the restitution and court costs. He further testified that in October of 1973, he was en route to Oklahoma from Louisiana with the money to make restitution when he was arrested in Texas for a traffic violation and later charged with forgery. Defendant finally testified that if he were to remain on probation he had a job with Church's Fried Chicken restaurant chain and could pay the court costs and restitution immediately.

This Court has held that the question of whether a probation or a suspended sentence is granted is a matter of discretion with the trial court and in the absence of an abuse of that discretion the trial court's ruling will not be overturned. See, Ramsey v. State, Okl.Cr., 473 P.2d 305 (1970). In the instant case this Court finds that the evidence presented at the revocation hearing was more than sufficient to warrant revocation of the defendant's suspended sentence.

We therefore find no abuse of discretion in the trial court's revocation of defendant's suspended sentence and, therefore, the trial court's order must stand.

For the foregoing reasons the order of the trial court revoking the defendant's suspended sentence is affirmed.

BLISS, J., concurs.

BRETT, P. J., dissents.