**Ronald Dean MOORE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. O–76–271.**

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1976.

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

MEMORANDUM OPINION

BLISS, Judge.

Appellant, Ronald Dean Moore, hereinafter referred to as defendant, was convicted upon a plea of guilty in the Oklahoma County District Court, Case No. CRF–75–573, for the offense of Embezzlement by A Trustee in violation of 21 O.S. 1971, § 1454. He was thereupon sentenced on the 16th day of October, 1973, to a term of imprisonment of two (2) years, with said sentence being suspended. Subsequent thereto a hearing upon an application to revoke the suspension of said sentence for violation of the conditions thereof, were conducted before the District Court on the

16th day of October, 1975. The trial court thereupon granted said Application upon the finding that the defendant had failed to comply with the conditions of probation, specifically, that he: (1) failed to pay restitution, and (2) failed to report to Probation Officer. From the revocation order of the trial court, the defendant has perfected a timely appeal to this Court.

The facts adduced at the revocation hearing are reflected in a stipulation of facts entered into between the parties for the purposes of this appellate review. Marta Patton, Probation Officer, of the Department of Corrections, testified that the defendant was sentenced to two (2) years on the 16th of October, 1973, for the commission of the crime of Embezzlement by a Trustee and the sentence was suspended under the usual terms of suspension, including reporting to Probation Officer, making restitution in the amount of $2,000.00 and paying probation fees and court costs. She further testified that the defendant had made no reports to the Probation Officer or to her in that no restitution had been made and none of the costs had been paid. She stated that she knew that the defendant was in the Marines at the time he received the aforesaid suspended sentence and that she contacted the Marine Base where the defendant was stationed on the 18th of August, 1974, and she was advised by the Marines that the defendant had deserted on the 5th of November, 1973.

The defendant stated that he had not made restitution in the amount of $2,000.00 and that he had not made any payment and further that he had not reported to the Probation Officer as directed. Yet he testified that the reason he had not made the required payments and had not reported to his Probation Officer was that he had contacted a Legal Aid Officer while he was in the stockade and he was advised by the Officer not to pay any attention to the court order. Defendant lastly stated that he was no longer in the Marines and had been out of the stockade for approximately three (3) months.

This appeal was perfected for review of the revocation proceedings below for jurisdictional or fundamental error only. We need only observe that the violation of the conditions of the suspended sentence need only be proven by a preponderance of the evidence, and upon compliance with statutory requirements and considerations of fundamental fairness, the decision to revoke lies within the sound discretion of the trial court. See *Fain v. State*, Okl.Cr., 503 P.2d 254 (1972). We have carefully examined the record presented upon appeal for fundamental and jurisdictional defects, and we are of the opinion that sufficient competent evidence was presented at the revocation hearing to justify the trial court's decision and thus the decision of the trial court should be affirmed. See *Peterson v. State,* Okl.Cr., 484 P.2d 557 (1971); *Farmer v. State,* Okl.Cr., 530 P.2d 1069 (1975), and *Babb v. State*, Okl.Cr., 532 P.2d 477 (1975).

For the above and foregoing reasons, the order of the trial court revoking the defendant's suspended sentence is, accordingly, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.