Marvin NEILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–200.

Court of Criminal Appeals of Oklahoma.

May 27, 1981.

Stephen Jones, Enid, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Chief, Crim. Div., Michael Lee Bardrick, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

The appellant was arrested and charged with Unlawful Delivery of Marijuana in violation of 63 O.S.1971, § 2–401, several days after he had sold marijuana to a police informant. The informant had been sent to the appellant's mobile home by the district attorney for the sole purpose of attempting to purchase marijuana. The appellant was convicted by a jury in the District Court of Grant County, Oklahoma, Case No. CRF–78–4, and he was sentenced to two (2) years' imprisonment.

In his first two assignments of error, appellant maintains that he should have been acquitted because the defense of entrapment was clearly established at trial. This Court has said that: " 'Entrapment' is the planning of an offense by an officer, or is [sic] someone acting under his direction and his procurement by improper inducement of its commission *by one who would not have perpetrated it, except for the trickery of the officer*." (Citations omitted) *Robinson v. State*, 507 P.2d 1296 (Okl.Cr. 1973), at 1299. The record reveals that the informant's act of procuring marijuana from the appellant did not constitute entrapment. Further, an entrapment defense must follow admission to the act charged. The simultaneous assertion of improper inducement to commit a crime and denial of having committed the act negates the entrapment defense. The appellant failed to adequately assert entrapment at trial. Not only did he fail to admit selling marijuana to the informant, he persisted in maintaining that the informant had tried to sell marijuana to him. The first reference to entrapment came during defense counsel's closing argument.

As his second attempt to establish entrapment, the appellant argues that, because the police persuaded the informant to secure the evidence, entrapment was established. Contrary to the appellant's argument, however, the fact that the police persuaded the informant to secure the evidence is irrelevant.

In his fourth proposition of error, it is argued that the court erred when it granted the State's motion to strike the testimony of Floyd Young, the appellant's employer, on the ground that the character evidence he provided was not based on community reputation. On cross-examination, the following testimony was given by Mr. Young:

Q: But, as far as the general reputation in the community, you are not basing it, your testimony, on that, are you? You are basing it on your personal knowledge?

A: Personal knowledge is all I have to go by.

Q: Not reputation in the community?

A: Well, I don't know of any other reputation.

A character witness is required to base his testimony on general reputation rather than personal opinion. *McDonald v. State*, 317 P.2d 775 (Okl.Cr.1957).[1] Mr. Young testified that he did not know of any reputation other than of his personal knowledge. Since he could not testify as to appellant's community reputation, the trial court correctly excluded his testimony from the consideration of the jurors.

It is next contended that the appellant was denied competent assistance of counsel, which allegation he supports with acts allegedly reflecting this ineffectiveness. The standard by which this claim has been reviewed was recently promulgated in *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980). In *Johnson*, this Court abandoned the sham and mockery test and adopted that of reasonably competent assistance of counsel, which had been adopted by the Tenth Circuit Court of Appeals. See *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980).

The appellant's allegation of inadequate representation at trial is not supported by the record. He first charges that his attorney failed to adequately prepare or investigate relevant facts and law, but the transcript of the trial indicates that the preparation was adequate. He then finds error in the failure of counsel to rehabilitate Mr. Young's testimony. However, trial tactics are not indicative of incompetence. Finally, the appellant argues that his attorney did not adequately develop the evidence of entrapment at trial and failed to submit requested instructions placing the State under the burden of proving beyond a reasonable doubt that he was not entrapped. But, since the record clearly indicates that there was no entrapment, any alleged defect in the development of that

---

1. The New Evidence Code, which was not effective as of the date of this trial, has codified this rule, 12 O.S.Supp.1980, § 2803(21).

defense or failure to request certain instructions is irrelevant. It is the opinion of this Court that the conduct and assistance of counsel was reasonably competent.

■ It is next urged that the circumstantial evidence was insufficient to sustain the verdict of guilt. It has long been recognized that a criminal case may be proved circumstantially and that the jury has the exclusive province of applying the evidence. *Logan v. State*, 493 P.2d 842 (Okl.Cr.1972). This Court's only concern is whether a prima facie case was established justifying submission of the case to the jury. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

■ The evidence presented in the instant case reveals that a prima facie case was established. The police searched both the informant and his car for marijuana before he drove to the appellant's house. The officers followed him there and then waited outside for him. When he came out, he was followed again to a place where he stopped and gave the officers two baggies of marijuana. Also, the informant gave direct testimony that the appellant sold him the marijuana. This evidence is sufficient to establish a prima facie case, and it was properly submitted to the jury, whose decision will not be reversed on appeal.

Finally, we consider the appellant's argument in assignments number three and six that the trial court erred in not instructing the jury that it could recommend a deferred or suspended sentence, and that the court abused its discretion in refusing to grant a deferred or suspended sentence.

■ The jury's province is the determination of fact involving the guilt or innocence of the accused. It is not the jury's duty to determine whether or not to suspend or defer a sentence. *Miller v. State*, 522 P.2d 642 (Okl.Cr.1974). The court makes this determination on factors outside the realm of the jury's consideration, and, thus, there is no basis for the trial court to instruct the jury regarding a recommendation of a suspended sentence.

■ It has long been the rule that this Court will not interfere with the decision of the trial court to deny a suspended sentence in the absence of an abuse of discretion. *Mixon v. State*, 549 P.2d 362 (Okl.Cr.1976); *Babb v. State*, 532 P.2d 477 (Okl.Cr.1975). However, the evidence before this trial court amply supported a suspended sentence. The appellant, a first offender, was married, a father, and was employed at the time of trial. There does not appear to be a compelling need to remove him from the community. The appellant is advised to consider the provisions of 22 O.S.Supp. 1980, § 994, and to apply again for a suspended sentence under those provisions. In reconsidering his application for a suspended sentence, the trial court may be persuaded by his conduct during the time he has been free on bond, pending the disposition of this appeal.

The judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BUSSEY, J., specially concurring.

BUSSEY, Judge, specially concurring:

While I agree that the judgment and sentence should be affirmed, I am not persuaded that the granting of a suspended sentence in the instant case would significantly promote obedience to the law prohibiting the unlawful delivery of marijuana.