Johnny B. ALEXANDER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14741.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Don Anderson, Public Defender, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Russell B. Fister, Asst. Dist. Atty., for defendant in error.

MEMORANDUM OPINION

BUSSEY, Judge:

Johnny B. Alexander, hereinafter referred to as Defendant, was charged with

the offense of Grand Larceny in the District Court of Oklahoma County, was found guilty by a jury, who assessed his punishment at five (5) years imprisonment in the State Penitentiary, and he appeals.

Briefly stated, the facts are that Willie J. Clark, a masonry contractor, left his place of employment located at 5011 Northwest 19th, Oklahoma City, Oklahoma, on the 15th day of December, 1966, where on the premises he left a yellow Gibson Cement Mixer, Serial #64122. When he returned the following day, it was missing and he reported its theft to the Oklahoma City Police Department. Thereafter, in the early morning of January 29, 1967, police officers of the Oklahoma City Police Department proceeded to the home of the defendant's brother, Bobby Alexander, located at 1618 East Hill, Oklahoma City, Oklahoma, after having received information from a "reliable informant" that the missing cement mixer was being kept there. They arrived at Bobby Alexander's home at about 2:45 in the morning, where, after knocking on the door, they were admitted by Mrs. Alice Alexander. She awoke her husband who, according to the testimony of the officers, signed a waiver of search warrant. The defendant was sleeping in his brother's home, and at the direction of the officers, he was awakened by the brother. The stolen cement mixer in question was located in the backyard and the officers identified the same by the physical description and serial number previously obtained. The defendant and his brother were then placed under arrest and advised of their constitutional rights to counsel and to remain silent and were taken to the police station. After being so advised and not as a result of questioning, the defendant declared that his brother should be released, for it was he instead of his brother, who had taken the cement mixer. He gave a more detailed description of how the mixer had been taken from its premises, loaded, and taken to the brother's home. Subsequent to this confession, and the same day

of the arrest, the brother was released by the police.

During the trial the defendant objected to the admission of any testimony concerning the discovery of the cement mixer for the reason that it was obtained as a result of an illegal search and seizure and further objected to the admission into evidence of his confession. These objections were by the court overruled and exceptions taken thereto.

The defendant took the stand in his own behalf and denied having stolen the cement mixer, but stated that several days prior to the time the cement mixer was discovered by the police, it had been brought to the home by an acquaintance whom he had seen at the pool hall. This man stated that he wished to leave the cement mixer there and the defendant stated that since he thought his brother (who was not present at this time) knew the man, it would be all right to do so. The defendant denied ever having possession of a van or truck with which to transport the cement mixer, on or about the date of its theft. He admitted telling the officers that his brother was not guilty because his brother had a previous record and he did not want him in trouble, but denied having directly admitted the theft. This witness was very uncertain as to what transpired with reference to his rights being explained to him.

Mrs. Alexander, defendant's sister-in-law, testified substantially that the officers came to her home and that she admitted them and awoke her husband. She did not hear any of the admissions made by the defendant.

Defendant's brother, Bobby Alexander's, testimony was substantially the same as that of his wife. His memory as to whether he signed a waiver of search warrant was extremely poor.

At the conclusion of the evidence, the jury retired, deliberated, and returned the verdict assessing the punishment at five years imprisonment in the State Penitentiary.

This leads us to a consideration of the defendant's assertion that the trial court erred in admitting testimony relating to the cement mixer. We are of the opinion that this assignment of error is without merit, for it is abundantly clear that the officers proceeded to the home, armed with information provided by a reliable informant, and upon arriving there the person in possession of the home signed a waiver and authorized the search which yielded the stolen cement mixer. Thereafter, they arrested the defendant and his brother and this arrest was based on the information previously received, coupled with their possession of the stolen mixer. It is well established that a police officer may make an arrest when he has knowledge that a felony has been committed and there is probable cause to believe that the person arrested committed the offense. In the instant case the officers knew of the prior theft of the cement mixer and had probable cause to believe that the defendant had either stolen it, or knowingly received it.

The defendant's second contention that the trial court erred in admitting his confessions or admissions, is likewise without merit, for although disputed by the defendant, if believed by the jury, which it apparently was, the defendant's statements were volunteered and as such did not fall within the rule enunciated in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

In conclusion it is argued that the judgment and sentence imposed is excessive. We are of the opinion that this assignment of error likewise is without merit, for we have repeatedly held that where the evidence amply supports the verdict of the jury and there is no error which would justify a modification or reversal and the punishment imposed is within the range provided by law, the judgment and sentence appealed from will be affirmed.

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.