**Alex Andrew CLABORN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14474.**

Court of Criminal Appeals of Oklahoma.

Oct. 1, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

The Plaintiff in error, Alex Andrew Claborn, hereinafter referred to as the defendant, was convicted of the crime of Driving a Motor Vehicle While Under the Influence of Intoxicants in the Caddo County Court.

Trooper L. V. Crabtree testified that he observed the defendant's vehicle weaving down the road in an unsafe manner. He further testified that the defendant's car stopped next to the patrol car and that upon investigation he found that the defendant was driving the car and in his opinion the defendant was under the influence of intoxicants.

Trooper Filmore Edgmon testified that he had observed the defendant at the scene

---

of the incident and that in his opinion the defendant was "drunk". The defense presented no evidence.

The issues were submitted to the jury. A verdict of guilty, which assessed punishment at a fine of One Hundred Dollars ($100.00) and Ten (10) days in the County Jail, was returned. A Motion for New Trial was denied and judgment and sentence in accordance with the verdict were entered.

██ Defendant offers two propositions in his brief, both of which the Court finds to be without merit. First he challenges the arrest without a warrant. For the legality of Defendant's arrest, See: Stewart v. State, Okl.Cr., 395 P.2d 346:

"An officer who observed motorist driving vehicle at a slow rate of speed, and swerving or weaving from the right to the left lanes of traffic, was authorized to overtake and stop him, and thereafter, from the driver's appearance and conduct, the officer having become convinced that motorist was intoxicated had the right and it was his duty to arrest defendant motorist for driving while intoxicated."

██ Secondly, defendant complains that the trial judge added oral instructions to the jury, at the conclusion of the closing arguments. Having examined the court's instructions and the remark made when the jury was being informed to consider their verdict, we find that defendant was not prejudiced by the court's remark. In Baker v. State, Okl.Cr., 378 P.2d 785, this Court provided:

"When oral explanations by the court are made which do not materially alter the written instructions, and which have no tendency to confuse the jury, the verdict will not be disturbed."

It is therefore ordered that the judgment and sentence in Caddo County Case No. 13,315 shall be affirmed.

BUSSEY and NIX, JJ., concur.