**Geral Lee BEASLEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14932.**

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Phil Scott, Legal Intern, for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Plaintiff in error, Geral Lee Beasley, hereinafter referred to as the defendant, was tried before a jury in the District Court of Oklahoma County on the charge of Grand Larceny, case number 33609, and

convicted with his punishment set at one and a half years imprisonment. Judgment and sentence was imposed in accord with the jury's verdict on April 4, 1968, and defendant has perfected an appeal therefrom.

It appears from the evidence that on May 6, 1967, at approximately 4 A.M., a police officer in Oklahoma City observed the defendant and his brother, Tommy Earl Beasley, co-defendant, making an illegal left turn. After stopping the vehicle the officer discovered a radio in the back seat of the car, and a television set in the rear trunk, the lid to which was raised. Both the radio and television were in clear view. In the glove compartment was found a set of keys to all the doors of Harding High School which had been issued to the co-defendant, Tommy Earl Beasley, where he had formerly been employed as a janitor. The television set and radio set were both stenciled "Harding" and identified as property of Harding High School. The defendant testified that he and his brother found the articles in question and were merely attempting to get them out of the weather as there was a rain storm in progress. The defendant's story as to how he discovered the articles varied from what he told the officers at the time of his arrest. The jury returned a verdict finding the defendant guilty of Larceny of the television set and the radio.

We find no merit to defendant's first contention that the verdict was not sustained by sufficient evidence. There was clearly competent evidence before the jury from which it could reasonably conclude that the defendant was guilty as charged. Williams v. State, Okl.Cr., 373 P.2d 91.

Likewise we find no merit to the contention that the punishment as assessed was excessive. It will be noted that upon conviction of grand larceny a defendant can be sentenced to a maximum of five years imprisonment. 21 O.S.1961, § 1705. Thus, not only was the punishment of one and one-half years well within the statutory limits, but we fail to find any basis to modify the sentence as a result of prejudice to the defendant or error occurring in the proceedings against defendant. Potter v. State, Okl.Cr., 266 P.2d 647. Embry v. State, Okl.Cr., 310 P.2d 617.

Furthermore, we find no merit to the contention that the arrest was illegal and thus the discovery of the television set and radio was improper and inadmissible. Not only does it appear that the arrest was legal, but no objection was made to the introduction into evidence of the radio and television set. This Court has previously noted that the constitutional guaranty against unlawful search and seizure does not prevent seizure incident to a lawful arrest where the evidence is not concealed but in open view. Battles v. State, Okl.Cr., 459 P.2d 623. Also the privilege of immunity against illegal search is personal to the accused and will be considered waived unless a timely objection to the introduction of the evidence is interposed on such ground. Rasbury v. State, Okl.Cr., 303 P.2d 465 (1956). Pennington v. State, Okl.Cr., 302 P.2d 170 (1956).

It is also suggested as possible error that evidence of other crimes was improperly admitted at the trial. However, we find no merit to this contention. Although there was testimony that on the night in question, certain vending machines had been broken into, this testimony was a result of defense counsel's cross-examination of the school principal who testified regarding the television set and radio being the property of Harding High School. We find that this does not operate as a prejudice of the defendant.

We therefore conclude that the judgment and sentence imposed in the District Court of Oklahoma County, case number 33609, should be and the same is hereby affirmed.

BUSSEY, J., concurs.