Urbie Pennington RODGERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–73–263.

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1974.

Rehearing Denied Jan. 21, 1974.

Frederick L. Boss, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Tulsa County, Case No. CRF–72–719, appellant, Urbie Pennington Rodgers, hereinafter referred to as defendant, was charged, waived a jury and was tried and convicted by the court for the offense of Possession of a Firearm, After Former Conviction of a Felony. His punishment was fixed at ten (10) years imprisonment and from that judgment and sentence, he has perfected his timely appeal to this Court.

The evidence adduced at trial reveals that at approximately 5:20 p. m., November 11, 1972, Officer T. E. Scott, while on traffic patrol at 31st Street, east of Yale Boulevard, Tulsa, Oklahoma, was informed by a citizen that a one-car accident had occurred in the west bound lane near the Yale exit of the Broken Arrow Expressway. Scott proceeded to the location and observed a 1966 yellow Austin Healy Sprite in a damaged condition. The damage apparently resulted from the vehicle striking a telephone pole adjacent to the expressway. Upon approaching the vehicle, Officer Scott observed defendant leaning against the rear of the vehicle, apparently in pain from an injury sustained in the accident. Pursuant to an investigation of the accident, Scott observed that scattered about within the vehicle were 150 to 200 containers of drugs and other paraphernalia. Officer Scott noted that in viewing the interior of the vehicle, he observed the panel between the trunk and the passenger portion of the auto had apparently been separated upon impact. The movement of this portion rendered the trunk area visible from the outside of the vehicle. Scott testified that during his investigation of the passenger area of the vehicle, he observed State's Exhibit 1, a .38 caliber Colts Police Positive revolver inside of the trunk. Finally, Scott testified at the time of the accident defendant was apparently the only occupant of the vehicle, adding further that there were no apparent skid marks at or near the scene of the accident.

Norman Pitts testified that during February of 1972, he sold defendant the above mentioned vehicle, but did not transfer title as defendant owed him a portion of the purchase price. On March 11, 1972, Pitts stated the title was transferred. Further, Pitts added that on the night before the accident, defendant stayed at his house and did not have possession of this car on that evening as he had loaned it to another person. Finally, Pitts denied knowledge of the pistol being in the trunk of the vehicle.

Garland Grayson testified he observed defendant emerge from the vehicle immediately after the accident. Defendant was the only passenger in the vehicle.

The testimony of Therl Whittle, Tulsa Police Officer, substantially corroborated the testimony of Officer Scott.

Thereafter the State rested.

Defendant testified that on March 9, 1972, he loaned the above mentioned vehicle to another person. He generally denied knowledge of the contraband found in the automobile, further testifying that the automobile had been out of his possession for several days prior to the date of the accident. Defendant also denied possession of the firearm in the trunk of the vehicle and stated it belonged to Pitts.

On rebuttal, Officer Bill Yarborough, of the Tulsa Police Department, testified that on March 11, 1972, he was dispatched to the scene to photograph and investigate the accident. According to Yarborough's testimony, approximately forty-five minutes prior to arriving at the accident scene, he was engaged in an investigation relating to a burglary of a doctor's office. He indicated that the contents scattered around the floorboard of the car fit the description of the property that had been taken in the burglary. The remaining portion of Yarborough's testimony corroborated that testimony of Officer Scott.

On further rebuttal, Norman Pitts denied ownership of State's Exhibit 1, fur-

ther stating he had never gained access to the trunk of defendant's car after he sold the car to defendant.

■ Defense counsel argues in his first proposition, the search of the vehicle and the seizure of the weapon was unlawful. The thrust of this argument alludes to the position that a warrantless search was unnecessary as preservation of the evidence did not require the officers to immediately search the vehicle. There was ample time to obtain a warrant and conduct a search. We disagree with counsel's contention. First of all, the evidence surrounding the seizure of the firearm does not disclose that there was a search conducted. The evidence reveals Officer Scott was directed by a citizen to the scene of a one-car accident. Upon arrival, a witness to the accident informed Scott there was contraband drugs scattered about the interior of the vehicle. Scott later was informed by Officer Yarborough that they fit the description of drugs taken in a burglary of a doctor's office he had previously investigated. Upon Scott's looking into the vehicle, while in the process of investigating the accident, he discovered the panel between the passenger portion of the vehicle and the trunk was in the floor area behind the passenger's seats and the trunk's contents were plainly visible. The firearm was observed by the officer in the process of investigating the contraband inside of the car. It was observed in his "plain view" without the necessity of rearranging the vehicle's contents to reveal its presence. This discovery of the firearm does not constitute a search of the vehicle. When evidence is in plain view, the act of the officer observing it does not constitute a search. Mallard v. State, Okl.Cr., 490 P.2d 1383 (1971); Cheatham v. State, Okl.Cr., 483 P.2d 1172 (1971); and Beasley v. State, Okl.Cr., 476 P.2d 94 (1970). We are of the opinion Scott's observations, predicated upon the comments of witnesses and his duty to investigate the scene of the accident, provided him a right to inspect the interior of the vehicle and his observation of the firearm under these circumstances did not constitute a search. Since no search was conducted in the instant case, a warrant was unnecessary and all arguments to that effect are without merit. We therefore find this proposition to be without merit.

■ In defense counsel's second proposition, he argues the evidence is insufficient to support the verdict. The crux of counsel's argument turns upon the premise the evidence is insufficient to show defendant had knowledge that the firearm was within the vehicle. We are of the opinion that the evidence was sufficient to prove defendant had knowledge the firearm was in the trunk of the car. Title 21 O.S., § 1283, states as follows:

"It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or *in any vehicle which he is operating,* or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun." (Emphasis added)

In the case of Thompson v. State, Okl.Cr., 488 P.2d 944 (1971), this Court stated as follows:

"Generally, an implication or inference of criminal intent to commit a crime may arise from certain established facts. Thus, from the fact a gun was found in the glove compartment, it may be presumed defendant knew of its presence and intended to operate the vehicle containing the gun. However, the presumption of criminal intent is rebuttable and inference of criminal intent is removed by circumstances showing the absence of criminal intent.

"To convict defendant for carrying a firearm in a vehicle which he was operating, it was necessary not only to show defendant was in the car when the gun

was there, but also it must be shown defendant knew the gun was there. The presumption of guilty knowledge was removed by direct evidence that defendant had no knowledge of the presence of the gun. Defendant denied he knew the gun was in the car. Gilbert, the owner of the car, testified that the gun was his and that defendant did not know of its presence in the glove compartment. Other witnesses corroborated Gilbert had bought the gun and had used it outside the defendant's knowledge, and that defendant did not have such a gun and had not used such a gun. Thus, we have nothing more than the presumption of knowledge refuted by direct evidence of lack of knowledge. We find the presumption was rebutted and the inference removed."

The evidence presented by defendant is insufficient to rebut the inference that he had knowledge the gun was in the trunk of the vehicle. At page 79 of the transcript of the trial, the defendant's testimony reveals the following statement:

"He had an extra set of keys, and I was still setting in the car, and he opened the trunk up, and laid this tire, which—at least that is what he told me, I don't know,—I was settin' in the car—and there was an old dirty rag we used as an oil rag. It was laying up on this tire. And when he set it down he had to roll this tire in, you know, on the floorboard; and he raised this rag and was going to pull it off, and the gun was laying there."

Following this statement, defendant generally denied knowledge of the presence of the firearm. After studying defendant's testimony in its entirety, the inconsistencies as exemplified by the above statement render his self-serving declarations to be insufficient to rebut the presumption of guilty knowledge. We therefore find the circumstantial evidence presented by the State was sufficient to submit to the trier of the fact the question of whether or not defendant knew the firearm was within the trunk. For that reason we find this proposition to be without merit.

In defendant's final proposition, he argues that hearsay evidence, evidence of other crimes, and prejudicial evidence was admitted at the trial. Consequently, this Court should either reverse or modify the judgment and sentence predicated upon the basis that this evidence prejudiced defendant. We note from a study of the evidence that all the evidence counsel alleges to be inadmissible at trial could be properly presented at a motion to suppress hearing. All of the evidence had probative value regarding the seizure of the firearm. Further, we note that counsel waived a jury trial and the court sat as the trier of facts in this matter. The motion to suppress the evidence was raised during the course of the trial on the merits with the consequence the evidence counsel argues to be inadmissible to be properly before the court regarding the question of the seizure of the firearm. Considering the fact that the evidence regarding the suppression of the firearm and the evidence supporting the determination of defendant's guilt or innocence are intermingled, we are compelled to find under the circumstances of this case that the court did not err in admitting this evidence at trial. Consequently, by defense counsel waiving jury trial and raising his motion to suppress during the trial, defendant waived his objection to the admissibility of the evidence in regard to its application to the determination of defendant's guilt or innocence. We therefore find this proposition to be without merit.

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.