Reford Dewayne JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–396.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1980.

Rehearing Denied Jan. 7, 1981.

Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Jim Wilcoxen, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

The sole issue on appeal is the effectiveness of legal representation afforded this appellant by a young assistant public defender. His conviction for Robbery With Firearms, After Former Conviction of a Felony, in Oklahoma County Case No. CRF–77–3762, resulted in a sentence of sixty (60) years' imprisonment.

The core of the State's case consisted of identification of the appellant by the victim, M. W., and a young witness. The victim testified that two young black men robbed her at about 1:00 to 1:15 p. m. October 7, 1977, in the vicinity of the Oklahoma Health Sciences Center. She positively identified the taller man, who had held a gun on her, as a result of having looked directly into his face for several minutes. However, the description she gave the police was vague: A black male, 18 to 30 years of age, wearing a dark hat with a rim; having large eyes and possibly with hair on his chin. At the preliminary hearing she testified, "I was too scared. I don't remember anything else."

After four lineups, two photographic and two in person, she was able to identify the defendant at the second personal lineup, more than a week following the robbery. His presence at the first three showups, personally or by photograph, was not established. A 14–year–old girl identified the defendant as the robber after testifying that she hadn't really gotten a good look at him as she witnessed the crime from a half block distance.

For the defense, a male friend testified that he had been with the appellant until 12:30 or 12:45 p. m. and again at 2:00 p. m. He testified that he and the appellant had begun drinking at about 12:15 and that he wasn't sure of how many crimes he himself had been convicted. The appellant's common–law wife testified that she was with the appellant from about 12:55 to 1:30 p. m.

There is one assignment of error, consisting of several contentions, in which the appellant alleges that trial counsel was ineffective, abridging his Sixth Amendment right to adequate counsel and rendering the trial a farce and a mockery of justice. Specifically, the following alleged acts were said to be characteristic of inadequate representation: (1) failure to use the preliminary hearing transcript to highlight discrepancies in testimony at trial; (2) inadequate cross–examination; (3) inadequate defense; (4) failure to object to evidence, request an instruction, or enter a motion; (5) failure to object to identification of appellant by the State's witnesses or to request an in–camera hearing on identification; (6) failure to insure preservation of voir dire, opening statement, and closing argument for appellate review.

Before addressing the Sixth Amendment right, this Court must elucidate the standard by which this issue will be reviewed. The established rule in this jurisdiction is that effective assistance of counsel must be measured by a determination of whether or not the purported representation was a sham. As stated in *Eide v. State*, Okl.Cr., 551 P.2d 275 (1976) at page 277:

> [R]elief upon the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation.

Cited with approval in *Hill v. State*, Okl.Cr., 567 P.2d 516 (1977).

■ Recently, however, the United States Court of Appeals for the 10th Circuit issued an opinion which is in accord with a majority of the other circuits in raising the standard to one more consistent with the constitutional guarantee of effective assistance of counsel. See *Dyer v. Crisp*, 613 F.2d 275 (10th Cir. 1980). The case originated in an Oklahoma State court, and the federal court concluded that, although the legal representation lacked vigor, it did not fall below the minimum standard of reasonable skill and competence. Abandoning the sham and mockery test, that court held:

The 'sham and mockery' test originally developed under Fifth and Fourteenth Amendment due process analysis. *See Diggs v. Welch*, 80 U.S.App.D.C. 5, 148 F.2d 667 (D.C.Cir.) cert. denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002 (1945). Thus, unless counsel was so grossly inadequate as to render the entire trial a mockery of the judicial adversary system such that it shocked the conscience of the reviewing courts, it did not amount to a constitutional deprivation. Following the Supreme Court's recognition in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) that the Sixth Amendment guarantees the right to the assistance of counsel to criminal defendants, the courts have focused less on due process rights and more on the Sixth Amendment in evaluating assistance of counsel issues. The Sixth Amendment has been interpreted as guaranteeing the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). In following this mandate, the majority of the circuits hold that the Sixth Amendment requires that assistance of counsel be measured against a standard higher than 'sham and mockery' and rise to the level of reasonably competent assistance of counsel ... The Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney. (*Dyer v. Crisp*, supra.)

Today, we hold that the standard of *reasonably competent assistance of counsel* is to be applied prospectively upon review of criminal cases in this State.

■ The appellant believes trial counsel should have used the preliminary hearing transcript to point out discrepancies between Detective Chambers' testimony regarding the victim's identification and the victim's own testimony on that subject. However, the inconsistencies were apparent from the trial testimony of the two witnesses.

■ Trial counsel's cross–examination of the State's witnesses was not constitutionally inadequate. Through questioning, she elicited factors tending to discredit the perception of the State's two identification witnesses including specificity of their description of the appellant, time of the incident, and location of the witnesses.

■ It is argued that the evidence presented for the defense was harmful and the result of incompetence. This concern focuses primarily upon the fact that defense witness *Hopkins* could not account for the appellant's whereabouts during the robbery; and admitted both that he and the appellant had been drinking and that he himself had a criminal record. Vouching for the appellant during the actual time of the robbery was his common–law wife. While this alibi defense was far from perfect, it had the potential of raising a reasonable doubt in the jurors' minds, particularly when coupled with the State's weak identification evidence. Undoubtedly, it would be the decision of some attorneys not to attempt an alibi defense in light of the character of these two witnesses. However, an appellate court should not, with perfect hindsight, attempt to second guess trial strategy which was viable. See *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). We cannot find a lack of reasonable competence on the basis of this defense.

■ The appellant alleges that his trial counsel failed to "even one time interpose

an objection ... prepare a single requested instruction ... or [make] a single motion of any kind." In the first place, this statement is not true. And in the second place, aside from a failure to object to the identification testimony of the State's witnesses, which is considered later, appellant has failed to show prejudice. See *Sallee v. State*, Okl.Cr., 544 P.2d 902 (1975). For example, appellant fails to specify any instructions which should have been requested. Furthermore, to arrive at a qualitative measurement of counsel's overall performance, this Court must look at her questioning of witnesses, on direct and cross, as a method of eliciting discrepancies and weak elements in the case. We find that she did use these techniques, not as effectively as an experienced trial lawyer might have, but, nevertheless, within the standard of competency required by the law.

Next, it is contended that the defense counsel's failure to object to the in-court identification of the appellant or to request an in-camera hearing on identification was indicative of incompetence because there may have been impermissibly suggestive pretrial photographic and lineup identifications. First, the prosecutrix testified that she had never identified the appellant from a photograph, so that argument is moot. As for the lineup, no specific basis for challenge is provided on appeal and the facts of the lineup, as developed at the preliminary hearing, reveal no suspicious circumstances.

Further, the appellant alleges that the failure of trial counsel to require that voir dire, opening statement and closing argument be recorded was incompetency. The affidavit by the appellant contains only bald, uncorroborated assertions. As the Federal Court of Appeals said in *Cooper v. Campbell*, 597 F.2d 628 (8th Cir. 1979), failure to have portions of a trial recorded may be a mistake, but it is not incompetence. With nothing more than the bald allegations contained in appellant's affidavit, this Court cannot grant relief upon allegedly prejudicial statements made in closing argument.

Finally, the appellant denies that he was adequately advised of his right to be tried before a district judge, and that his waiver of jurisdiction and assent to trial by a special judge was inadequate. Not only does he fail to substantiate his claim, he also does not demonstrate any prejudice as a result of his trial by a special judge. It is therefore the decision of this Court that the judgment and sentence be AFFIRMED.

CORNISH, P. J., concurs.

BUSSEY, J., concurs in results.