John Wayne PHILLIPS, Appellant,

v.

**The STATE of Oklahoma, Appellee.**

No. F-81-193.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1982.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted in the District Court of Oklahoma County for Assault and Battery with a Dangerous Weapon, After Former Conviction of a Felony, and sentenced to ten (10) years' imprisonment.

Evidence at trial showed that the appellant had been involved in an altercation with his neighbor and former prison inmate, Zak Armstrong, and as a result delivered gunshot wounds to both Armstrong and his ex-wife, Terri Armstrong. The affray occurred after Zak Armstrong and his roommate, Rodney Simmons, found that their apartment had been burglarized. Among items which were missing was Armstrong's stereo sound system. Armstrong contended that prior to the burglary, he had asked the appellant to keep an eye on his apartment while he went out to do his laundry.

After discovering the loss, Armstrong asked the appellant if he had had anything to do with the burglary. The appellant asked if he were being accused and in his anger threw a bottle at Armstrong. When Armstrong began to retaliate with a flashlight and baseball bat, the appellant produced a .357 magnum pistol and fired two or three shots, hitting Zak Armstrong and Terri Armstrong.

The appellant testified he fired the shots in self-defense, intending only to frighten Armstrong away, and not to actually shoot anyone. He denied having had anything to do with the burglary. On rebuttal, the State recalled Zak Armstrong who testified he saw his stereo equipment in the back seat of the car the appellant was driving at the time.

The sole assignment of error asserted on appeal is that the appellant was denied effective assistance of counsel, abridging his Sixth Amendment right to adequate counsel. In support appellate counsel asserts Phillips was severely prejudiced by his trial attorney's inadequate knowledge of the law and inadequacy in courtroom performance and preparation.

■ Prior to our decision in *Johnson v. State,* 620 P.2d 1311 (Okl. Cr. 1980), the rule in this jurisdiction was that effective assistance of counsel was to be measured by a determination of whether trial was a farce or mockery of justice:

> [R]elief upon the ground of ineffective counsel will be granted only when the trial is a farce or mockery of justice, or is shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation. *Eide v. State,* 551 P.2d 275 (Okl. Cr. 1976).

In *Johnson,* supra, we adopted the standard of *reasonably competent assistance of counsel;* this standard, however, was to be applied prospectively. *Johnson* was decided on October 22, 1980; the appellant's case was tried on September 10 and 11, 1980. Therefore, the former standard of review is applicable in this case. A heavy burden is on the appellant to establish inadequate representation; this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. Neither hindsight nor success is the proper measure for determining the adequacy of legal representation. *Walker v. State,* 550 P.2d 1339 (Okl. Cr. 1976).

## I.

■ First it is argued that during an *in camera* discussion regarding the instruc-

tions to be given, trial counsel demonstrated his unfamiliarity of the other crimes evidence guidelines established in *Burks v. State,* 594 P.2d 771 (Okl. Cr. 1979). It is asserted he would have waived the required cautionary instructions had the trial court not explained the instruction to him. After hearing the instruction, however, the trial attorney did request that it be given. Moreover, in *Burks,* supra, we held that cautionary instructions admonishing the jury as to the limited purposes for which it could consider other crimes evidence must be given by the trial court, whether requested or not.

■ Inadequate representation is also alleged in the trial attorney's failure to object to (1) the evidence of the shooting of Zak Armstrong, when the charge was for shooting Terri Armstrong; and (2) the evidence of the burglary of Armstrong's apartment. Under statutory and decisional law, this evidence would have been admissible to show intent and motive of the shooting. 12 O.S. 1981, § 2404(B); *Burks,* supra. Furthermore, this evidence was arguably necessary to the development of the appellant's claim of self-defense.

■ Appellate counsel also complains that the jury heard evidence of the appellant's prior convictions during the guilt determination stage of the proceedings. The trial attorney called the appellant as a witness in the attempt to establish self-defense. That the appellant would be impeached by the prosecution through use of the prior conviction was anticipated by trial counsel. The fact that another attorney would have pursued a different strategy does not establish ineffectiveness or incompetency of counsel. *Walker v. State,* supra.

## II.

■ With respect to the allegations of inadequacy of courtroom performance and preparation, it is asserted that trial counsel called a hostile witness, Zak Armstrong, whose testimony was detrimental to the defense. This witness testified that he saw the appellant fire the gun. This testimony however, was not particularly adverse since the appellant was relying on the theory of self-defense. Other allegedly damaging testimony complained of is that at the conclusion of Armstrong's defense testimony, the jury learned Armstrong had suspected the appellant of having committed the burglary. We note that the jury had previously heard similar testimony during the State's direct-examination of Rodney Simmons in its case-in-chief. It is apparent from the record that defense counsel called Armstrong to show his degree of anger at the time of the incident; how hard he hit the appellant with the flashlight, and how he charged back toward the appellant after the first shot had been fired.

■ To support the contention of inadequate trial preparation, appellate counsel cites two specific instances. The first dealt with the fact that the trial attorney commented in his opening statement that the appellant and Zak Armstrong were enemies. On defense's direct examination, Armstrong said he and the appellant were friends. The second instance concerned the fact that Rodney Simmons, who stated he saw Armstrong strike the appellant in the face with a flashlight, testified he did not see any blood. Neither of these instances necessarily reflect inadequate trial preparation, especially where there was other evidence to the contrary presented and where these witnesses' credibility was in question.

■ Finally it is argued that defense counsel did not properly prepare his case by failing to locate and interview a witness whose last name and address remained unknown to the appellant up to the day of trial. Defense counsel did obtain a continuance and the witness was found and appeared to testify in court the next day. Counsel's examination of her reveals no inadequacies.

We have carefully reviewed the record and transcripts and find that even under the more expansive test in *Johnson,* supra, that relief upon the ground of ineffective assistance of counsel is not warranted. The trial attorney adequately represented his

client, however, the evidence was strong against Phillips. The judgment and sentence is therefore AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.