**Faramarz MEHDIPOUR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–462.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1982.

As Corrected Jan. 3, 1983.

Rehearing Denied Jan. 7, 1983.

Charles L. Hill, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Criminal Division, Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

The appellant was convicted in the District Court of Oklahoma County of Grand Larceny and sentenced to one (1) year imprisonment.

Trial evidence showed that on October 2, 1980, the appellant returned a malfunctioning telephone to a Bell Phone Center Store, giving as his name "Tootoonchi." While exiting the store he picked up a display model of a Touch-a-Matic 16 telephone and placed it in a bag he was carrying. As he did so, another customer observed him and reported the theft to the store employee who had just dealt with the appellant. Both the customer and the store employee made in-court identifications of the appellant based on their respective encounter and observation of him in the store.

The appellant denied at trial ever having been in the store and unsuccessfully claimed that his roommate, Aziz Tootoonchi, had been the man who had gone there that day. The appellant entered into evidence a photograph he and other defense witnesses identified as Tootoonchi. When shown the photograph, the store employee denied ever before having seen the person depicted. The customer stated he could not be sure whether he had ever seen that person before, but was positive in his identification of the appellant.

The appellant stated that Tootoonchi had left on the morning of October 2, 1980, had never come back, and that he had since not been able to locate him. The investigating officer, however, testified that the appellant had told him that Tootoonchi had returned to Iran one year ago. The officer also testified that the appellant told him that he had been to the phone store earlier that day to return a defective phone, but then later denied going to the store.

I

The first argument advanced is that the appellant's Sixth Amendment right to effective assistance of counsel was violated. Cited on appeal as evidence of inadequate

representation were the trial counsel's (1) failure to make any pre-trial motions—especially for a continuance because of the prejudice caused by the holding of American hostages in Iran at the time; (2) failure to request that the voir dire be recorded which might have reflected anti-Iranian sentiment; (3) failure to extensively cross-examine witnesses; (4) failure to lodge more objections than he did to evidence at trial; (5) failure to call additional witnesses who might have been able to establish an alibi defense; and (6) failure to request or object to instructions.

We have examined each of these allegations as they pertain to the entire record and find that they do not establish incompetency of counsel under the test adopted in *Johnson v. State,* 620 P.2d 1311 (Okl.Cr. 1980). There we adopted the standard that defense counsel exercise the skill, judgment and diligence of a reasonably competent attorney. We observe that appellate counsel in his brief argues this proposition citing to *Eide v. State,* 551 P.2d 275 (Okl.Cr.1976), which applies the lesser standard of "sham or mockery," the test this Court abandoned in the *Johnson* decision, just two months prior to trial of this case.

■ Except for suggesting that the trial counsel failed to make a motion for a continuance, the appellant does not specify what other motions should have been filed. As to the continuance issue, where there is bias or prejudice against an accused, the proper procedure is not to postpone the trial indefinitely or for a substantial period of time, but to proceed to trial and to determine on voir dire whether a fair and impartial jury can be selected. *Fesmire v. State,* 456 P.2d 573 (Okl.Cr.1969), *vacated in part on other grounds,* 408 U.S. 935, 92 S.Ct. 2855, 33 L.Ed.2d 749 (1972). The appearance docket reflects only that the jurors were sworn in to answer questions and that both sides passed the jury. We will not presume that the empaneled jury was not capable of rendering a fair and impartial verdict. Nor can we fairly say that failure to have the voir dire recorded is incompetence. See *Johnson,* supra. A heavy bur-

den is on the appellant to establish inadequate representation; this burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. Neither hindsight nor success is the proper measure for determining the adequacy of legal representation. *Walker v. State,* 550 P.2d 1339 (Okl.Cr. 1976).

■ The trial counsel's cross-examination of the witnesses was not constitutionally inadequate, and the extent which he probed the State's identification appears to have been a strategical choice rather than ineffective assistance. As we stated in *Johnson,* supra, "to arrive at a qualitative measurement of counsel's overall performance, this Court must look at [counsel's] questioning of witnesses, on direct and cross, as a method of eliciting discrepancies and weak elements in the case." Trial counsel here utilized these techniques and it cannot be said that his representation of his client fell below the standard of competency required by law. Next the appellant in his argument fails to specify any objections which should have been lodged or any instructions which should have been requested. Further, the allegation that trial counsel failed to adequately prepare for trial because he did not call any witnesses who might have been able to provide an alibi is based on conjecture which is not supported by even allegations that such witnesses exist.

We therefore find this proposition of error to be without merit.

## II

■ The appellant next urges reversal based on the proposition that the evidence was insufficient to support the conviction. When the sufficiency of the evidence presented at trial is challenged on appeal, the proper test is whether a prima facie case has been established. If that test is satisfied, then all questions of fact are for the jury to resolve. In reviewing the evidence to determine whether the State has established a prima facie case, we view the evidence in the light most favorable to the

State. *Renfro v. State,* 607 P.2d 703 (Okl. Cr.1980). The State here presented competent evidence to establish all of the material elements of the offense charged. Any conflicts in the evidence were a matter for the jury. We therefore will not disturb the verdict.

## III

In his third assignment of error, the appellant urges he was denied a fair trial because of the prejudice associated with his race and the Iranian hostage crisis.

The record before us reveals no evidence of prejudice, either through remarks of counsel or the court. The only attention directed to the hostage problem was by the appellant himself when he explained that he no longer received funds from his family in Iran because of the monetary restrictions imposed by his government. Further, the verdict of guilt is supported by the weight of the evidence and the sentence imposed is one year, while the maximum which he could have received was five years. We are not persuaded by the allegations on appeal that a fair trial was not possible; nor do we consider a remark made by the trial court in dismissing the jurors indicative of anti-Iranian sentiment:

> We want to thank you very much for your consideration of and your deliberations in this case. It's because people such as you are willing to come down here and sacrifice your time and your money to perform this vitally important civic duty that we can provide for people trial by jury, particularly those that come into this country and violate our laws. They have all the same rights and entitlements of the citizens of this country. And we do recognize the sacrifice that it entails for you to do that. We hope the sacrifice does enhance the worth and value of its rendition. We couldn't operate our courts unless you folks were willing to make that sacrifice, and we do appreciate it.

Furthermore, this remark was made after rendition of the verdict and in no way could have prejudiced the appellant.

There being no support for the allegation that the appellant was deprived of due process of law, we find this proposition to be without merit. We further find that the sentence of one year imprisonment, which was within the statutory limit provided by 21 O.S.1981, § 1705, was not excessive. See *Beasley v. State,* 476 P.2d 398 (1970). Where evidence amply supports the verdict, and there is no error which would justify modification or reversal, the judgment and sentence will not be disturbed. *Alexander v. State,* 449 P.2d 910 (Okl.Cr.1969).

Judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.