Darrell W. FREDERICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–728.

Court of Criminal Appeals of Oklahoma.

Aug. 8, 1983.

Rehearing Denied Aug. 30, 1983.

---

Darrell W. Frederick, pro se.·

Jan Eric Cartwright, Atty. Gen., Patrick W. Willison, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Darrell W. Frederick, was convicted of Burglary in the First Degree, After Former Conviction of Two or More Felonies, in the District Court of Oklahoma County, Case No. CRF–81–128, pursuant to 21 O.S.Supp.1979, §§ 1431 and 51. The jury assessed punishment at forty (40) years' imprisonment.

At the trial, Oklahoma City Police Officers John Cave and DeWayne Carruth testified that at approximately 3:45 a.m. on January 7, 1981, they observed the front door of a residence located on N.W. 49th Street standing open and personal property piled in the front yard. The officers called for assistance and Officer Dave Simpson responded. Officer Simpson testified that he observed the appellant walk out the back door of the house while the other two officers entered the front door. The three officers and the owner of the house, James F. Hobbs, all identified the appellant as the person arrested in connection with the burglary of the residence. After the trial court held an in-camera hearing, Detective W.E. Martin testified that on January 8, 1981 he read the standard *Miranda* warning to the appellant who subsequently waived his rights and confessed to burglarizing the Hobbs' residence.

The appellant took the stand and denied involvement in the burglary. He testified that he was walking to a store at approximately 4:00 a.m. on January 7, 1981, when he saw someone run from the Hobbs' residence. At that time, Officers Simpson and Carruth came upon him and took him into custody.

### I.

The appellant combines several alleged errors by the trial judge as his first assignment of error. He contends that the combined errors constituted abuse of discretion by the trial judge which deprived him of a fair and impartial trial. We disagree.

The first alleged error which the appellant argues contributed to the overall

abuse of discretion is the failure of the trial judge to recognize prosecutorial misconduct. However, the statements of which the appellant complains indicate that the trial judge did not ignore the situation, but rather admonished the prosecuting attorney. Therefore, this argument is without merit.

■ The appellant's next contention is that the trial judge erred by instructing the jury as to the application of the Habitual Criminal Statute, 21 O.S.Supp.1976, § 51(B). However, this statute was amended in 1978. In *Butler v. State*, 645 P.2d 1030 (Okl.Cr.1982), this Court held that this particular section did not violate Article V, § 57 of the Oklahoma Constitution nor was it "so vague and indefinite that men of common intelligence must necessarily guess at its meaning." Furthermore, in *Jetton v. State*, 632 P.2d 432 (Okl.Cr.1981), this Court held that when an appellant does not object to the constitutionality of the habitual criminal statute during the trial, he cannot raise the issue on appeal.

■ The final incident which the appellant argues constituted an abuse of discretion by the trial judge is the explanation given to the jury regarding the possible sentencing alternatives under the habitual criminal statute. In his explanation, the trial judge included a comment that the jury could assess punishment at life imprisonment for the crime charged. This Court has held that the verdict will not be disturbed if the oral explanations given by the Court do not materially alter the written instructions and have no tendency to confuse the jury. See, *Hicks v. State*, 583 P.2d 1117 (Okl.Cr.1978) and *Claborn v. State*, 462 P.2d 312 (Okl.Cr.1969). Moreover, as the jury assessed punishment at forty (40) years' imprisonment the explanation did not result in prejudice to the appellant.

## II.

■ In his second assignment of error, the appellant asserts that the trial court violated his due process rights by allowing the trial to proceed on the basis of the charges included in an amended informa-

tion. According to the appearance docket, the State filed the amended information, which changed the charge from Burglary in the Second Degree to Burglary in the First Degree, two months prior to the arraignment when the appellant entered his plea. Title 22 O.S.1981, § 304 provides that: "An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, ...." Therefore, the appellant's second assignment of error is without merit.

## III.

Next, the appellant maintains that inadequate assistance of counsel abrogated his rights under the Sixth Amendment to the United States Constitution. In support of this proposition of error the appellant points out several different incidents which are as follows: 1) failure to request that the voir dire and opening statements be recorded; 2) failure to object to State's Exhibits 1 and 2; 3) failure to properly cross-examine the State's witnesses; 4) failure to call witnesses at the appellant's request; 5) failure to properly and timely interview the appellant prior to the trial; 6) failure to object to State's witnesses remaining in the courtroom after the court invoked the rule of sequestration; 7) use of leading questions on cross-examination; 8) failure to object to alleged hearsay testimony; and 9) failure to object to the jury instructions.

■ The appellants in *Neilson v. State*, 639 P.2d 615 (Okl.Cr.1981) and *Johnson v. State*, 620 P.2d 1311 (Okl.Cr.1980) presented similar contentions. In *Johnson*, this Court adopted the standard of "reasonably competent assistance of counsel" set forth in *Dyer v. Crisp*, 613 F.2d 275 (10th Cir.1980). This Court also stated in *Johnson* that: "[F]ailure to have portions of a trial recorded may be a mistake, but it is not incompetence. With nothing more than the bald allegations contained in appellant's affidavit, this Court cannot grant relief upon allegedly prejudicial statements made in closing argument." *Id.*, at 1314. There-

fore, the appellant's first allegation must necessarily fail.

██ In *Sallee v. State,* 544 P.2d 902 (Okl. Cr.1975), this Court stated that the appellant has the burden to show that the alleged error resulted in prejudice. The appellant, in the instant case, has not met this burden for either the second, third or fourth allegations. Additionally, an appellate court should not retrospectively question trial strategy if the techniques used were within the required standard of reasonable competence. See, *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

██ The appellant then argues in his fifth and sixth contentions, that the trial counsel failed both to properly prepare for trial and to object to several of the State's witnesses remaining in the courtroom while "the rule" was invoked. These two allegations are addressed together as the appellant fails to provide anything from the record which would serve as a basis for either. This Court has consistently held that the appellant has the responsibility to provide sufficient support from the record in order to allow appellate review of an alleged error. See, *Wright v. State,* 559 P.2d 852 (Okl.Cr.1977); *McGaha v. State,* 492 P.2d 1101 (Okl.Cr.1971). Since the appellant has failed to provide such support, this Court cannot properly review his allegations.

██ In his seventh argument, the appellant maintains that his trial counsel improperly used leading questions during the cross-examination of a State's witness. However 12 O.S.1981, § 2611(D) states that the use of leading questions during cross-examination is ordinarily permissible. Nothing in the record reflects that the trial counsel's use of leading questions was improper.

██ The appellant's eighth allegation is that the defense counsel failed to object to the testimony of Detective W.E. Martin during the in-camera hearing to determine the admissibility of the appellant's confession. The appellant argues that the testimony was hearsay, but it does not fall within the definition of hearsay provided in 12 O.S.1981, § 2801. Thus, failure to raise an objection to the testimony as being hearsay was not error.

██ In his final contention, the appellant asserts that his attorney failed to object to the instructions given to the jury regarding the possible sentencing alternatives. In *Green v. State,* 611 P.2d 262 (Okl. Cr.1980), this Court stated: "It is well settled that the instructions to be given the jury are left to the trial court's discretion. His judgment will not be interfered with as long as the instructions, when considered as a whole, fairly and accurately state the applicable law". *Batie v. State,* Okl.Cr., 545 P.2d 797 (1976). *Id.* 611 P.2d at 266. Since the court's instructions were accurate explanations of the law, failure to object to those instructions cannot be considered ineffective assistance of counsel.

## IV.

██ The appellant combines four alleged errors in his fourth assignment of error. First, he argues that the trial court improperly considered two prior convictions to enhance his punishment. The record reveals that the State did not rely upon the conviction from Case No. CRF–72–511 as the trial court sustained the appellant's motion to strike that conviction from the second page of the information. However, the appellant further argues that the conviction from CRF–72–511 was improperly used to enhance the punishment in his conviction from Case No. CRF–74–1898, which the State used for enhancement purposes in the instant case, as he was denied a certification hearing in CRF–72–511. In *Miller v. State,* 629 P.2d 370 (Okl.Cr.1981), this Court stated that a challenge of this type must be by post conviction application in the sentencing court and, if the appellant does not follow such procedure, the conviction can be used to enhance punishment.

██ The other conviction which the appellant maintains was improperly used to enhance punishment was a conviction for the misdemeanor offense of escape from an

institution other than a penitentiary. However, the trial court admonished the jury to disregard this conviction, thereby curing any error. Moreover, the State introduced evidence regarding two other felony convictions so that any possible error which may have resulted, even with the court's admonishment, was harmless.

In his second contention, the appellant once again argues that the testimony of Detective Martin was inadmissible as hearsay evidence. This contention is without merit since such testimony does not fall within the statutory definition of hearsay.

▪ The appellant's third allegation is that the trial court erred in allowing the State's witnesses to remain in the courtroom after the rule of sequestration was invoked. The record does not reveal that this actually occurred. Without support from the record, the appellant's third allegation cannot be reviewed by this Court. See, *Wright v. State*, 559 P.2d 852 (Okl.Cr. 1977); *Claunch v. State*, 501 P.2d 850 (Okl. Cr.1972).

▪ The final contention included under this assignment of error is that the trial court erred by not recording the opening and closing statements. In *Cook v. State*, 650 P.2d 863 (Okl.Cr.1982), this Court held that the responsibility for making sure the arguments of counsel are recorded rests with the person wishing to appeal. Thus, the appellant's final allegation must also fail.

## V.

▪ In his final proposition of error, the appellant asserts that he was not apprised of the second page of the information which charged him with being an habitual criminal. The appellant cites several cases which support such arguments. However, in the instant case, the appearance docket indicates that the appellant was represented by counsel at a preliminary hearing on March 27, 1981, which occurred after the second page of the information was filed. Since the record contains no support for the ap-

pellant's bald allegation, this Court cannot review the matter on appeal.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby AFFIRMED.

BUSSEY, J., concurs.

CORNISH, J., concurs in results.